IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                                                    22-mj-01048-JJM

KEVIN TROEMEL,                                             **ORDER**

                Defendant.
_____

        By Order dated October 11, 2022 [25],1 I found "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense", and recommended that the Attorney General place defendant at the Federal Correctional Institution in Butner, North Carolina for hospitalization and treatment.

        I have now received and reviewed a May 22, 2023 Forensic Evaluation Report [38] authored by Dylan Abrams, M.A. and Allyson Sharf, Ph.D. at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), stating that although defendant continues to suffer "from a mental disease or defect, namely schizophrenia, which renders him not competent to stand trial", he "has shown brief periods of symptom improvement suggesting that he would benefit from continued medication adjustments", and that "with ongoing restoration efforts, there is a substantial probability that [he] can be restored to

---

1     Bracketed references are to CM/ECF docket entries, and page references art to CM/ECF pagination.

- 1 -

competency in the future,as his psychiatric symptoms are adequately treated". [38] at 17. The Report "request[s] that the Court grant another 120-day evaluation and treatment period, pursuant to Title 18, U.S.C. §4241(d)". Id. Based on this information, I find that there is a substantial probability that defendant will attain the capacity to permit proceedings to go forward with additional evaluation and treatment.

NOW, THEREFORE, it is hereby

ORDERED that, pursuant to 18 U.S.C § 4241(d), defendant shall remain in the custody of the Attorney General, who shall continue to hospitalize him for treatment in FMC Butner (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward; and (2) for an additional reasonable period of time until (A) the defendant's mental condition is so improved that trial may proceed, if the Court finds that there is a substantial possibility tat within such additional period of time the defendant will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against the defendant are disposed of according to law, whichever is earlier; and it is further

ORDERED, that when the director of the facility in which the defendant is hospitalized determines that the defendant has recovered to such an extent that the defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the Clerk of the Court; and it is further

ORDERED, that the time from May 24, 2023 until the defendant is competent for trial is excluded for purposes of the Speedy Trial Act pursuant to 18 U.S.C § 3161(h)(4); and it is further

ORDERED, that counsel shall appear for a status conference on September 22, 2023 at 10:00 a.m., to be held by Zoom for Government; and it is further

ORDERED, that pursuant to Rule 48(b), the Complaint will be automatically dismissed, without prejudice, on September 22, 2023 at 12:00 p.m. without the need for a further order. The Rule 48(b) deadline will not be extended for ongoing plea negotiations short of an actual plea agreement. Any defendant who is in custody on the Complaint and not subject to another detainer or warrant at that time of the dismissal shall immediately be released from custody, and the conditions of release (including bail) imposed as a result of the Complaint as to any defendant who is not in custody at that time shall immediately terminate. Because of defendant's current incompetency and because the ends of justice served by this continuance outweigh the best interest of the public and defendant in a speedy trial, the time between today and to September 22, 2023 is therefore excluded from the Speedy Trial Act calendar pursuant to 18 U.S.C. Sections 3161(h)(1)(A), 3161(h)(4), 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

**SO ORDERED.**

_____
HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge

DATED:   Buffalo, New York
         May 25, 2023